Eugene J. O'Connor (EO 9925)
Timothy Semenoro (TS 6847)
CHALOS, O'CONNOR & DUFFY, LLP
366 Main Street
Port Washington, New York 11050
(516) 767-3600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

       Plaintiff,       07 CV 3372 (VM)

 - against -             **ANSWER**

M/V "RICKMERS TOKYO",
M/V "RICKMERS JAKARTA",
their engines, tackles, boilers, etc.;
RICKMERS-LINIE GMBH and CIE. KG,
HAMBURG;

       Defendants.
-------------------------------------------------------------------X

  Defendants Rickmers-Linie GmbH & Cie. KG (hereinafter "Rickmers"), by their Attorneys, Chalos, O'Connor & Duffy, for their Answer to the Complaint, allege upon information and belief as follows:

  1. Admit that the subject claim is maritime in nature within the meaning og Rule 9(h) of the Federal Rules of Civil Procedure, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 1 of the Complaint.

  2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

  3. Admit that Defendant Rickmers maintains offices at Neumühlen 19, D-22763 Hamburg, Germany, and is organized under the laws of a foreign state, but except

as so specifically admitted herein, deny each and every allegation contained in Paragraph 3 of the Complaint.

4. Deny each and every allegation contained in Paragraph 4 of the Complaint.

5. Deny each and every allegation contained in Paragraph 5 of the Complaint.

6. Admit that bills of lading numbered RCKI152QINNOL04 through 26 were issued on or about February 23, 2005 and bills of lading numbered RCKI168QINHOU16 and 30 and RCKI168QINNOL03, 08, 15, 23 and 29 were issued on or about October 10, 2005, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 6 of the Complaint.

7. Deny each and every allegation contained in Paragraph 7 of the Complaint.

8. Deny each and every allegation contained in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

10. Forum and venue in this District are improper.

### SECOND AFFIRMATIVE DEFENSE

11. This suit should be dismissed on the basis of *forum non conveniens* and/or improper forum because the subject bills of lading stipulated to a certain forum, not the Southern District of New York.

### THIRD AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

### FIFTH AFFIRMATIVE DEFENSE

15. That the said shipment as described in Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then and there issued, by which the shippers and consignees of said bills of lading agreed to be and are bound. If said shipment was transported on said vessel, then it was subject to the contractual terms and conditions of the aforesaid bills of lading. Any mis-delivery, non-delivery, non-conformance, shortage, loss and/or damage to the shipment in suit, which is specifically denied, was due to causes for which Defendant Rickmers is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq.*, approved April 16, 1936, the U.S. Harter Act, the provisions of the said bills of lading, the U.S. general maritime law, applicable foreign law, charter party, and / or fixture agreement.

### SIXTH AFFIRMATIVE DEFENSE

16. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## SEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff has failed to properly and fully mitigate its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

18. The maximum liability of Defendant Rickmers, if any, is $500 per package, or per customary freight unit, as agreed to in the provisions of the bill of lading and under the provisions of COGSA, specifically 46 U.S.C. §1304(5).

## NINTH AFFIRMATIVE DEFENSE

19. If the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or a third-party and/or their agents.

## TENTH AFFIRMATIVE DEFENSE

20. If the goods in suit sustained any loss or damage, which is denied, then such loss or damage resulted from a cause arising without the fault or privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under COGSA, 46 U.S.C. §1304(2)(g).

## ELEVENTH AFFIRMATIVE DEFENSE

21. This Honorable Court lacks subject matter jurisdiction by reason of the Plaintiff's failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, including, but not limited to the shippers of cargo on board the M/V RICKMERS TOKYO and/or RICKMERS JAKARTA, the load port stevedores, the discharge port stevedores, the terminals, any warehousemen, etc.

## TWELFTH AFFIRMATIVE DEFENSE

22. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver / consignee as when received by the carrier because Plaintiff failed to give timely written notice of loss or damage under the agreed provisions of the bill of lading, and under the provisions of COGSA, specifically, 46 U.S.C. §1303(6).

**WHEREFORE**, Defendant Rickmers prays:

A. that judgment be entered in favor of Defendant Rickmers, herein together with the costs and disbursements of this action, and Plaintiff's claims be dismissed;

B. that judgment be entered in favor of Defendant Rickmers for any such other and further relief as this Court deems just and proper.

Dated: Port Washington, New York
       June 22, 2007

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Defendant Rickmers

By: _____
      Eugene J. O'Connor (EO 9925)
      Timothy Semenoro (TS 6847)
      366 Main Street
      Port Washington, New York 11050
      Phone: (516) 767-3600